# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2021 10:55 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk
20STCV02074

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE COUNTY OF LOS ANGELES, a municipal corporation;
ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

THE ESTATE OF RUFINO PAREDES;  ADDITIONAL PARTIES ATTACHMENT IS ATTACHED

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
BOARD OF
COUNTY OF LOS ANGELES
FILED

2021 FEB 24  P 2: 35

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California County of Los Angeles - Central District 111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* 20STCV02074 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stewart J. Powell (SBN 175226); 725 S. Figueroa St., Suite 1750, Los Angeles, CA 90017; (213) 955-7145

| DATE: *(Fecha)* 01/05/2021 | Sherri R. Carter Executive Officer, Clerk of Court Clerk, by *(Secretario)* M. Mariano | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **The County of Los Angeles, a municipal corporation**
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☒ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

# SUMMONS

2/24/21

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The Estate of Rufino Paredes v. The Couty of Los Angeles, et.al. | 20STCV02074 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

TAURINA MARQUEZ, an individual; JASMINE OSORIO, an individual; D.P., a minor, by and through her Parent and Guardian ad Litem Jasmine Osorio; D.P., a minor, by and through his Parent and Guardian ad Litem Jasmine Osorio; K.P., a minor, by and through her Parent and Guardian ad Litem Jennifer Nunez; H. P., a minor, by and through her Parent and Guardian ad Litem Jennifer Nunez; D.P., a minor, by and through his Parent and Guardian ad Litem Azenet Avina

Page   2   of   3

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The Estate of Rufino Paredes v. The Couty of Los Angeles, et.al. | 20STCV02074 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; ALEX VILLANUEVA, individually and in his Official Capacity as Sheriff of Los Angeles County; JIM MCDONNELL, individually and in his Official Capacity as Sheriff of Los Angeles County; SHAWN P. MERRICK, an individual; VINCENT RODRIGUEZ, an individual; TIFFANY CROWDER-MILLER, an individual; and Does 1 to 25, inclusive,

Page ___3___ of ___3___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/16/2020 10:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
20STCV02074

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Laura Seigle

1    Stewart J. Powell (State Bar No. 175226)
     YACOUBIAN & POWELL LLP
2    725 South Figueroa St. Suite 1750
     Los Angeles, California 90017
3    Telephone: (213) 955-7145
     Facsimile: (213) 955-7146
4
     Attorneys for Plaintiffs
5    ESTATE OF RUFINO PAREDES,
     TAURINA MARQUEZ, JASMINE OSORIO,
6    D.P., a minor, D.P., a minor, K.P., a minor,
     H.P., a minor, and D.P., a minor.
7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| THE ESTATE OF RUFINO PAREDES; TAURINA MARQUEZ, an individual; JASMINE OSORIO, an individual; D.P., a minor, by and through her Parent and Guardian ad Litem Jasmine Osorio; D.P., a minor, by and through his Parent and Guardian ad Litem Jasmine Osorio; K.P., a minor, by and through her Parent and Guardian ad Litem Jennifer Nunez; H. P., a minor, by and through her Parent and Guardian ad Litem Jennifer Nunez; D.P., a minor, by and through his Parent and Guardian ad Litem Azenet Avina,<br><br>          Plaintiffs,<br><br>vs.<br><br>THE COUNTY OF LOS ANGELES, a municipal corporation; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; JIM MCDONNELL, individually and in his Official Capacity as Sheriff of Los Angeles County; ALEX VILLANUEVA, individually and in his Official Capacity as Sheriff of Los Angeles County; SHAWN P. MERRICK, an individual; VINCENT RODRIGUEZ, an individual; TIFFANY CROWDER-MILLER, an individual; and Does 1 to 25, inclusive,<br><br>          Defendants. | CASE NO.: 20STCV02074<br><br>**PLAINTIFFS' COMPLAINT FOR:**<br><br>**(1) DELIBERATE INDIFFERENCE AND DENIAL OF MEDICAL CARE (42 U.S.C. § 1983);**<br>**(2) CONDITIONS OF CONFINEMENT - SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983);**<br>**(3) RIGHT OF FAMILIAL ASSOCIATION (42 U.S.C. § 1983);**<br>**(4) WRONGFUL DEATH (Cal. Code Civ. Proc. § 377.60);**<br>**(5) VIOLATION OF CIVIL CODE §§ 43, 51.7 AND 52.1(B);**<br>**(6) NEGLIGENCE (Gov't Code §815.2);**<br>**(7) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>**(8) DENIAL OF MEDICAL CARE (Gov't Code §845.6)**<br><br>**DEMAND FOR JURY TRIAL** |

1

## COMPLAINT FOR DAMAGES

1    Plaintiffs The Estate Of Rufino Paredes; Taurina Marquez, an individual; Jasmine

2  Osorio, an individual; D.P., a minor, by and through her Parent and Guardian *ad Litem* Jasmine

3  Osorio; D.P., a minor, by and through his Parent and Guardian *ad Litem* Jasmine Osorio;  K.P., a

4  minor, by and through her Parent and Guardian *ad Litem* Jennifer Nunez; H. P., a minor, by and

5  through her Parent and Guardian *ad Litem* Jennifer Nunez; D.P., a minor, by and through his

6  Parent and Guardian *ad Litem* Azenet Avina (collectively, "Plaintiffs") hereby submit this

7  Complaint against Defendants the County of Los Angeles and the Los Angeles County Sheriff's

8  Department, Sheriff JIM MCDONNELL, Sheriff Alex Villanueva, individual deputies of the Los

9  Angeles County Sheriff's Department identified herein, and applicable Doe Defendants,

10  (collectively, "Defendants") and allege as follows:

## INTRODUCTION

12    1.    This case is necessary to address the unnecessary and tragic death of Mr. Rufino

13  Paredes while in the custody of the Los Angeles County Sheriff's Department ("LASD").  On

14  November 29, 2018, Mr. Paredes was arrested by Los Angeles County Sheriff's Deputies.

15  Deputies ignored warnings of Mr. Paredes' family and friends that his current mental state

16  presented an immediate need for medical attention and their requests that Mr. Paredes be

17  provided with medical treatment.  Instead, Deputies detained him without medical care at the

18  LASD Industry Station.  Mr. Paredes was dead less than nine (9) hours later from self-inflicted

19  injuries due to the actions and inaction of Defendants.

20    2.    Mr. Paredes is survived by his mother Taurina Marquez, his domestic partner

21  Jasmine Osorio, two brothers and five young children.  His family will never be the same, and no

22  lawsuit can make them whole.  But, through this case, Plaintiffs seek to hold Defendants

23  accountable for their actions and seek monetary damages from Defendants for violating Mr.

24  Paredes' various rights under state and federal law.

## PARTIES

26    3.    At all relevant times, RUFINO PAREDES ("Mr. Paredes" or "Decedent") was an

27  individual residing in the County of Los Angeles, in the State of California. He is survived by his

28  mother, a domestic partner, and five children. Mr. Paredes did not have a will or any form of

testamentary interest and died intestate.  The Estate Of Rufino Paredes ("the Estate") is a Probate Estate established under the California Probate Code. A declaration pursuant to California Code of Civil Procedure section 377.32 is attached [or a Probate Case entitled In Re Estate of Rufino Paredes is now pending in the Los Angeles Superior Court, Case No. 20STPBXXXXXXXX].

4.   Plaintiff TAURINA MARQUEZ ("Ms. Marquez") is, and at all relevant times was, an individual residing in the County of Los Angeles, in the State of California.  She brings this lawsuit in her individual capacity as Decedent's mother and as a representative of his Estate. Ms. Marquez seeks all damages available under federal and state law including, but not limited to, under C.C.P. section 373.60 (wrongful death); C.C.P. section 373.30 (survival); loss of society and companionship of Decedent; funeral and burial expenses, and the mental, physical, and emotional pain and suffering of Decedent.

5.   Plaintiff JASMINE OSORIO ("Ms. Osorio") is, and at all relevant times was, an individual residing in the County of Los Angeles, in the State of California.  She brings this lawsuit in her individual capacity as Mr. Paredes' domestic partner and as guardian *ad litem* to her and Mr. Paredes' minor children: D.P. #1, D.P. #2 and D.P. #3. Ms. Osorio is a "heir at law" (CCP 373.60) and a "successor-in-interest" (CCP 377.60) to Decedent. Ms. Osorio seeks all damages available under federal and state law including under C.C.P. section 373.60 (wrongful death).  The damages sought by Ms. Osorio include, but are not limited to, the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; loss of financial support, future earnings and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent; loss of consortium, and the mental, physical, and emotional pain and suffering of Decedent.

6.   Plaintiff D.P. #1[1] is a minor child who at all relevant times was residing in the County of Los Angeles and is the natural born child of Decedent. Plaintiff D.P. #1 sues by and through her Guardian *ad Litem* and natural mother, Ms. Osorio, both in her individual capacity

---

[1] Three minor Plaintiffs have the same initials, D.P.  For ease of reference and to avoid confusion, these minors are referred to herein as "D.P.#1", "D.P.#2" and "D.P. #3."

**COMPLAINT FOR DAMAGES**

and as a successor-in-interest to Decedent and The Estate of Rufino Paredes pursuant to Code of Civil Procedure section 377.32.  Plaintiff D.P. #1 is a "heir at law" (CCP 373.60) and a "successor-in-interest" (CCP 377.60) to Decedent.  Plaintiff D.P. #1 seeks all damages available under federal and state law including under C.C.P. section 373.60 (wrongful death).  The damages sought by D.P. #1 for the loss of her father include, but are not limited to, the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; loss of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent; and the mental, physical, and emotional pain and suffering of Decedent.

7.      Plaintiff D.P. #2 is a minor child who at all relevant times was residing in the County of Los Angeles and is the natural born child of Decedent.  Plaintiff D.P. #2 sues by and through his Guardian *ad Litem* and natural mother, Ms. Osorio, both in her individual capacity and as a successor-in-interest to Decedent and The Estate of Rufino Paredes pursuant to Code of Civil Procedure section 377.32.  Plaintiff D.P. #2 is a "heir at law" (CCP 373.60) and a "successor-in-interest" (CCP 377.60) to Decedent.  Plaintiff D.P. #2 seeks all damages available under federal and state law including under C.C.P. section 373.60 (wrongful death). The damages sought by D.P. #2 for the loss of his father include, but are not limited to, the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; loss of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent; and the mental, physical, and emotional pain and suffering of Decedent.

8.      Plaintiff K.P. is a minor child who at all relevant times was residing in the County of Los Angeles and is the natural born child of Decedent.  Plaintiff K.P. sues by and through her Guardian *ad Litem* and natural mother, Jennifer Nunez, both in her individual capacity and as a successor-in-interest to Decedent and The Estate of Rufino Paredes pursuant to Code of Civil Procedure section 377.32.  Plaintiff K.P. is a "heir at law" (CCP 373.60) and a "successor-in-interest" (CCP 377.60) to Decedent.  Plaintiff K.P. seeks all damages available under federal and state law including under C.C.P. section 373.60 (wrongful death).  The damages sought by K.P.

**COMPLAINT FOR DAMAGES**

1   for the loss of her father include, but are not limited to, the loss of Decedent's love,

2   companionship, comfort, care, assistance, protection, affection, society, and moral support; loss

3   of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses;

4   loss of the reasonable value of household services; loss of relationship with Decedent; and the

5   mental, physical, and emotional pain and suffering of Decedent.

6           9.      Plaintiff H.P. is a minor child who at all relevant times was residing in the County

7   of Los Angeles and is the natural born child of Decedent. Plaintiff H.P. sues by and through her

8   Guardian *ad Litem* and natural mother, Jennifer Nunez, both in her individual capacity and as a

9   successor-in-interest to Decedent and The Estate of Rufino Paredes pursuant to Code of Civil

10  Procedure section 377.32.  Plaintiff H.P. is a "heir at law" (CCP 373.60) and a "successor-in-

11  interest" (CCP 377.60) to Decedent. Plaintiff H.P. seeks all damages available under federal and

12  state law including under C.C.P. section 373.60 (wrongful death). The damages sought by H.P.

13  for the loss of her father include, but are not limited to, the loss of Decedent's love,

14  companionship, comfort, care, assistance, protection, affection, society, and moral support; loss

15  of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses;

16  loss of the reasonable value of household services; loss of relationship with Decedent; and the

17  mental, physical, and emotional pain and suffering of Decedent.

18          10.     Plaintiff D.P. #3 is a minor child who at all relevant times was residing in the

19  County of Los Angeles and is the natural born child of Decedent.  Plaintiff D.P. #3 sues by and

20  through his Guardian *ad Litem* and natural mother, Ms. Osorio, both in her individual capacity

21  and as a successor-in-interest to Decedent and The Estate of Rufino Paredes pursuant to Code of

22  Civil Procedure section 377.32. Plaintiff D.P. #3 is a "heir at law" (CCP 373.60) and a

23  "successor-in-interest" (CCP 377.60) to Decedent. Plaintiff D.P. #3 seeks all damages available

24  under federal and state law including under C.C.P. section 373.60 (wrongful death).  The

25  damages sought by D.P. #3 for the loss of his father include, but are not limited to, the loss of

26  Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and

27  moral support; loss of financial support and earning capacity; loss of gifts and benefits; funeral

28

5

**COMPLAINT FOR DAMAGES**

and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent; and the mental, physical, and emotional pain and suffering of Decedent.

11.    Plaintiffs are informed and believe, and on that basis allege that D.P. #1, D.P. #2, D.P.#3, H.P. and K.P. are all of Decedent's heirs-at-law.

12.    Defendant COUNTY OF LOS ANGELES ("County") is now and at all relevant times has been a public entity organized and existing under the laws of the State of California and owns, operates, manages, directs and controls the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LASD"), an operating department or administrative subdivision of the County.  Both the County and LASD are "persons" subject to suit within the meaning of Title 42, U.S.C. section 1983 and applicable cases interpreting it, including *Monell v New York Dept. of Social Serv.*, 436 U.S. 658 (1978).

13.    Defendant COUNTY is now and at all relevant times has been responsible for the hiring, training, and supervision of the conduct of their employees and agents, including the LASD and all if its deputies and members. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, conduct, policies, procedures, and customs of their LASD deputies complied with, *inter alia*, the laws and Constitutions of the United States and the State of California. Plaintiffs are informed and believe and therefore allege that Defendant COUNTY is responsible for implementing, maintaining, sanctioning, or condoning policies, customs and practices under which the wrongful or illegal acts hereinafter complained of occurred. As alleged herein, Defendants COUNTY and LASD are liable for Plaintiffs' damages by reason of their policies, customs and practices, failure to train, deliberate indifference and/or ratification.

14.    Defendant JIM MCDONNELL ("McDonnell" or "Sheriff") is the duly-elected Sheriff of Los Angeles County and was elected to that position on November 4, 2014. McDonnell was sworn in as Sheriff on December 1, 2014.  McDonnell at all times relevant herein was employed by County as the Sheriff of the LASD and is sued in his individual and official capacities. On information and belief, McDonnell was at all relevant times a resident of

**COMPLAINT FOR DAMAGES**

the County of Los Angeles, State of California. McDonnell is sued in both his individual and official capacities.

15.     Defendant ALEX VILLANUEVA ("Villanueva" or "Sheriff") is the duly-elected Sheriff of Los Angeles County and was elected to that position on November 6, 2018. Villanueva was sworn in as Sheriff on December 3, 2018.  Villanueva is now and at all times relevant herein employed by County as the Sheriff of the LASD and is sued in his individual and official capacities. To the extent any action or inaction alleged herein predates Villanueva's election as Sheriff, he is sued as the successor to former Sheriff Jim McDonnell. On information and belief, Villanueva was at all relevant times a resident of the County of Los Angeles, State of California. Villanueva is sued in both his individual and official capacities.

16.     Defendant SHAWN MERRICK ("Merrick") is now and at all relevant times herein employed by County as a Deputy Sheriff of the LASD. On information and belief, Defendant Merrick was at all relevant times a resident of the County of Los Angeles, State of California. Merrick is sued in both his individual and official capacities.

17.     Defendant VINCENT RODRIGUEZ ("Rodriguez") is now and at all relevant times herein employed by County as a Deputy Sheriff of the LASD. On information and belief, Defendant Rodriguez was at all relevant times a resident of the County of Los Angeles, State of California. Rodriguez is sued in both his individual and official capacities.

18.     Defendant TIFFANY CROWDER-MILLER ("Crowder-Miller") is now and at all relevant times herein employed by County as a Deputy Sheriff of the LASD. On information and belief, Defendant Crowder-Miller was at all relevant times a resident of the County of Los Angeles, State of California. Crowder-Miller is sued in both her individual and official capacities.

19.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and Plaintiffs therefore name and sue these Defendants, and each of them, by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names of Defendants DOES 1 through 25, inclusive, when the same has been ascertained. Plaintiffs are informed and believe, and on that basis alleges, that each of the fictitiously named

7

**COMPLAINT FOR DAMAGES**

Defendants are responsible in some manner for the occurrences herein alleged, and that Decedent's and Plaintiffs' injuries were proximately caused by the acts and omissions of these Defendants.

20.     Plaintiffs are informed and believe and on that basis allege that in doing the acts alleged in this Complaint, Defendants McDonnell, Villanueva, Merrick, Rodriguez, Crowder-Miller, Rex,  and DOES 1-25 were acting under the color of statutes, ordinances, regulations, customs, laws and usages of Defendants County and LASD, and the State of California, and under the authority of their respective offices.

21.     Plaintiff is informed and believes, and on that basis alleges that, at all times herein mentioned, each of the Defendants sued herein including DOES 1 through 25 inclusive, was the agent, partner, affiliate, and employee of each of the remaining Defendants and was at all times acting within the course and scope of such position and with the knowledge and consent of each other.

22.     Defendants at all times mentioned herein were the agents, servants, employers, employees, partners, members, shareholders, officers, directors, joint venturers, and alter egos of each other, and in doing or failing to do the things hereinafter mentioned were acting within the purpose and scope of that agency and employment and with the knowledge and consent of each other and with such a unity of interests between each other.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

23.     On May 29, 2019, Plaintiffs filed with the County of Los Angeles their Claims for Damages to Person or Property pursuant to California Government Code section 911.2.  On June 24, 2019, Plaintiffs filed Amended Claims.  On July 17, 2019, the County of Los Angeles, by and through its Board of Supervisors, rejected all of Plaintiffs' claims.  This Complaint is filed within 6-months of the rejection and is therefore timely. (Government Code section 945.6.)

**COMPLAINT FOR DAMAGES**

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24.     On November 29, 2018, at approximately 9:00 p.m., Defendants Merrick, Rodriguez, and others – all LASD Deputies – responded to an auto burglary call in the city of La Puente, County of Los Angeles.  Once there, Defendants observed and made contact with Decedent. Decedent's family members and neighbors advised and warned the LASD Deputies that Decedent was acting erratically and was unstable, possibly caused by the ingestion of and being under the influence of narcotics. Recognizing that Decedent was not acting normally, the owner of the vehicle which was the subject of the alleged auto burglary declined to pursue criminal charges against him.  Defendants Merrick and Rodriguez decided to arrest Decedent anyway.

25.     Decedent's family informed Deputies that Decedent required medical attention and asked Deputies take him to the hospital.  Instead, Defendants Merrick and Rodriguez transported Decedent directly to the LASD Industry Station for booking.  During his intake, Decedent advised Defendant Crowder-Miller that he had a drug problem.  When Defendant Crowder-Miller asked if Decedent was currently under the influence or had ingested any narcotics recently, Decedent did not respond.  Defendant Crowder-Miller did not investigate Decedent's medical condition or inquire of Defendants Merrick and Rodriguez regarding any possible drug use or medical issues Decedent may be experiencing.  Defendants Merrick and Rodriguez did not advise station personnel of Decedent's family's concerns.  Decedent was in custody as a pre-arraignment arrestee. Decedent was not given any medical evaluation or attention from the time of his arrest to the time of his death. He was booked and placed in a holding cell at Industry Station the evening of Thursday, November 29, 2018: a week after Thanksgiving.

26.     Plaintiffs are informed and believe, and on that basis allege, that the Defendants named herein and LASD Deputies and jail personnel did not properly supervise, care for, or check on Decedent's well-being with enough frequency and duration to ensure his safety.  They were deliberately indifferent to Decedent's medical needs despite Decedent's family placing deputies on notice of those needs and Decedent's own statements during his booking.

9

**COMPLAINT FOR DAMAGES**

27.     In the early hours of the following morning, Friday November 30, 2018, while in custody of the County and LASD, Mr. Paredes wrapped a bed sheet around his cell's door frame and the other end around his neck. Mr. Paredes then twisted the sheet until he suffocated. LASD personnel did not check on or monitor Mr. Paredes during the time it took him to remove the sheet from the bed, attach it to the door frame, wrap it around his neck, twist it sufficiently to cut off his airway, or for him to suffocate into unconsciousness and eventually death. Mr. Paredes died less than nine (9) hours after being taken into the care and custody of the LASD.

28.     During the relevant period herein, Decedent Mr. Parades suffered from a medical condition that, if untreated, could (and in this case did) result in further significant injury or the unnecessary and wanton infliction of pain on him.

29.     On information and belief, Mr. Parades did not receive any medical attention during his time in custody.

30.     Autopsy findings established what Decedent's family and neighbors told LASD Deputies at the time of arrest: his blood contained marijuana, methamphetamine, and amphetamine. His stomach contained a baggy of narcotics and pieces of 8 different pills.

31.     This tragic death should never have occurred. By taking Decedent into custody, the Defendants named herein (collectively, "LASD") voluntarily undertook a duty to protect and care for Decedent. LASD and all Defendants herein breached that duty of care by failing to provide Decedent with medical treatment, failing to properly protect, supervise and monitor him while incarcerated, failing to provide adequate security, and failing to provide appropriate housing conditions to Decedent, among other unconstitutional and unreasonable conduct. Defendants' negligence and affirmative conduct contributed to, increased, and created a risk of harm to Decedent which was a substantial factor and proximate cause of his death.

32.     Defendants knew that Decedent needed medical and/or mental health care and treatment. The County/LASD, and each Defendant, acted negligently, carelessly, recklessly and/or with a wanton disregard and deliberate indifference to Mr. Parades' safety and life. LASD employed, managed, trained and supervised LASD deputies and personnel, proximately causing death to Decedent, and injury and damage to each Plaintiff herein.

10

**COMPLAINT FOR DAMAGES**

33.     Pleading in the alternative to Defendants' actual knowledge, through the exercise of reasonable diligence Defendants, and each of them, should have known that Decedent needed medical and/or mental health care and treatment. The County/LASD, and each Defendant, acted negligently, carelessly, recklessly and/or with a wanton disregard and deliberate indifference to Mr. Parades' safety and life. LASD employed, managed, trained and supervised LASD deputies and personnel, proximately causing death to Decedent, and injury and damage to each Plaintiff herein.

34.     Defendants, and each of them, were required to provide Decedent with treatment and conditions of confinement that provide adequate him with food, clothing, shelter, sanitation, medical care and personal safety.

35.     Defendants, and each of them, either acted with deliberate indifference to Mr. Parades' needs and rights or their conduct was so reckless as to be tantamount to a desire to inflict harm on Mr. Parades. Defendants acted with a deliberate indifference to Mr. Parades' safety and threats to his safety. They acted with deliberate indifference to Mr. Parades' serious illness and need for medical care and attention.

36.     LASD's policies and procedures, customs and/or practices as implemented and approved by Sheriff Villanueva and the policy and procedures of the County of Los Angeles were a substantial factor in causing Mr. Paredes' death. County and LASD maintained unconstitutional policies, procedures, customs and/or practices that caused or contributed to the death of Mr. Parades, specifically:

      A. Failure to provide adequate training and supervision to sheriff deputies with respect to constitutional requirements in the care and custody of arrestees;

      B. Failure to provide adequate training and supervision to sheriff deputies with respect to constitutional requirements in the care and custody of arrestees.

      C. Failure to adequately investigate, take appropriate corrective action, discipline or retrain officers involved in misconduct or denial of medical care;

11

**COMPLAINT FOR DAMAGES**

D. Selection, retention, and assignment of deputies with demonstrable propensities for negligence, indifference to medical needs of arrestees, dishonesty and other misconduct;

E. Condonation and encouragement of deputies in the belief that they can violate the rights of persons, such as Mr. Paredes, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

F. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of conduct and the wrongful death of Mr. Paredes.

## FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS; 42 U.S.C. §1983
### DELIBERATE INDIFFERENCE TO MEDICAL NEEDS AND FAILURE TO PROVIDE MEDICAL CARE

### (AGAINST ALL DEFENDANTS AND DOES 1-25 except COUNTY AND LASD)

37.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 36, set forth above, as though fully set forth herein.

38.     Plaintiffs and informed and believe, and on that basis allege, that the detention and arrest of Decedent was unreasonable as the alleged "victim" did not wish to have Decedent arrested as he understood Decedent was likely under the influence of narcotics and in need of medical attention.

39.     Defendants knew or should have known that Decedent had ingested an unknown quantity of narcotics, was acting erratically, and was in need of serious medical assistance, both physically and psychologically.  Instead, Defendants were deliberately indifferent to Decedent's rights when they unreasonably refrained from providing or obtaining adequate and timely medical care.  Defendants knew or should have known that any delay in providing immediate medical care for a potential overdoes or mental health emergency could and would have

**COMPLAINT FOR DAMAGES**

irreversible medical consequences and could, and in fact did, result in Decedent's untimely death.

40.     Instead, Defendants failed to provide or obtain any medical care for Decedent whatsoever.  They did not take him to a hospital for medical evaluation or treatment; they did not investigate his physical or mental condition or well-being despite being advised by family and friends of his impairment and Decedent himself admitting to drug use; they did not seek a mental health hospitalization and hold pursuant to Welfare and Institutions Code section 5150.  They simply booked him and placed him in a jail cell.

41.     Thereafter, Defendants failed to monitor Decedent's well-being and failed to account for Decedent's condition with enough frequency to ensure his safety while in Defendants' custody.

42.     By reason of the afore-described acts and omissions of Defendants, and each of them, Decedent died as a result of suicide.

43.     By Defendants' acts and omissions in failing to summon medical care as soon as they were informed of a possible medical emergency, failure to have Decedent evaluated for a possible 5150 hold, and otherwise failing to attend to his physical and mental condition and emergencies, Decedent was deprived of his rights, privileges and immunities guaranteed to him by the Fourteenth Amendment to the U.S. Constitution and in violation of Title 42, U.S.C. § 1983.

44.     Decedent suffered great physical and mental injury, trauma, pain, shock to the nervous system, injury and death, loss of love, care, society, companionship, support and affection, great anguish, anxiety, degradation, humiliation, fear and emotional distress; all damages in an amount not yet ascertained but to be established by proof at trial.

45.     The aforementioned acts and omissions of Defendants were done recklessly, knowingly, intentionally, and for the purpose of vexing and injuring Decedent and to maliciously deprive Decedent of rights guarantees him by the U.S. and California Constitutions and in conscious disregard thereof.  Plaintiffs claim exemplary and punitive damages on behalf of

**COMPLAINT FOR DAMAGES**

Decedent from all Defendants, except for County and LASD, in an amount to be established by proof at trial.

46.    By reason of the acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action and to render legal assistance to Plaintiffs that they might vindicate their loss and Decedent's rights.  Plaintiffs request payment by Defendants of reasonable attorney's fees pursuant to Title 42, U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS; TITLE 42, U.S.C. § 1983 DEPRIVATION OF SUBSTANTIVE DUE PROCESS RIGHTS

### (AGAINST ALL DEFENDANTS)

47.    Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 46, set forth above, as though fully set forth herein.

48.    Defendants' failure to provide immediate medical and mental health assistance to Decedent, as a pre-trial detainee, under the circumstances presented and based on the facts known at the time to Defendants was in reckless disregard of the rights of Plaintiffs herein and with the intent to harm Decedent, lacking in any possible rational governmental justification or interest.  As such, the failure to provide medical and/or mental health care to Decedent deprived Plaintiffs of the rights, privileges, and immunities not to have their familial association infringed upon, interfered with, or deprived by the loss of life of their son, partner, and father, respectively, as guaranteed them by the substantive due process rights provision of the Fourteenth Amendment to the U.S. Constitution, in violation of Title 42, U.S.C. §1983. These deprivations also deprived Decedent and Plaintiffs rights as guaranteed them by the Eighth Amendment to the U.S. Constitution, in violation of Title 42, U.S.C. §1983.

49.    By reason of the actions of Defendants set forth herein, Plaintiffs suffered and continue to suffer great mental injury, trauma, pain, loss of the love, care, society, companionship, and support and affection of their loved one; and great anguish, anxiety,

14

**COMPLAINT FOR DAMAGES**

degradation, humiliation, fear and emotional distress; all damages in an amount not yet ascertained but to be established by proof at trial.

### THIRD CAUSE OF ACTION

#### VIOLATION OF CIVIL RIGHTS; TITLE 42, U.S.C. § 1983
#### RIGHT OF FAMILIAL ASSOCIATION

#### (AGAINST ALL DEFENDANTS)

50.    Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 49, set forth above, as though fully set forth herein.

51.    Plaintiffs, each of them, held a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with their familial relationship with Mr. Paredes.

52.    Defendants, acting under color of state law, violated Plaintiffs' Fourteenth Amendment rights to be free from unwarranted interference with their familial relationships with Decedent and each other.

53.    As a direct and proximate cause of Defendants' deprivations and violations of Plaintiffs' Fourteenth Amendment rights, Plaintiffs have been deprived of the life-long comfort, support, society, care, attention, services, affection, and companionship of Mr. Paredes, and will continue to be so deprived for the remainder of their natural lives.

54.    As a further direct and proximate result of Defendants' deprivations and violations of Plaintiffs' Fourteenth Amendment rights, Plaintiffs have also incurred reasonable and necessary expenses for Mr. Paredes' funeral, burial, and memorial services to their damage in an amount according to proof at the time of trial.

55.    As a further result of the foregoing, Plaintiffs are entitled to recover reasonable costs and attorney's fees under 42 U.S.C. § 1988.

**COMPLAINT FOR DAMAGES**

55.     In committing the acts described above, Plaintiffs are informed and believe, and on that basis allege, that Defendants acted with oppression, fraud, or malice, entitling Plaintiffs to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendants in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
### WRONGFUL DEATH; C.C.P. § 377.60
### (AGAINST ALL DEFENDANTS)

56.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 55, set forth above, as though fully set forth herein.

57.     Prior to his death, Mr. Paredes cared for and financially supported Plaintiffs and helped in paying for day-to-day living expenses. Plaintiffs were dependent upon Mr. Paredes.

58.     As a direct and proximate result of Defendants' actions and failure to act, Plaintiffs have suffered loss of financial support and earning capacity, pain and suffering, have incurred liability for funeral and burial expenses, and sustained mental injuries including, but not limited to, loss of love, affection, comfort, care, companionship, support, and loss of financial support. Plaintiffs' damages are in an amount to be determined, but which are in excess of the limited jurisdiction of this Court.

59.     Plaintiffs further suffered the loss of the reasonable pecuniary value of Mr. Paredes' future earnings, and Plaintiffs will continue to incur such liability and sustain such damages for an indefinite time in the future, in an amount presently unascertained.

60.     Defendants' conduct as described herein was done within the course and scope of their employment, agency, and/or service with Defendants County of Los Angeles and/or the Los Angeles County Sheriffs' Department and under the color of their authority. Defendants, and each of them, are therefore vicariously liable for Plaintiffs' damages pursuant to Government Code sections 815.2, 815.3, and 820.

61.     Defendants' actions, and failure to act, were undertaken knowingly, intentionally, and maliciously, for the purpose of harassment, oppression and inflicting injury upon Mr.

16
**COMPLAINT FOR DAMAGES**

Paredes and Plaintiffs, and in reckless, wanton and callous disregard of their safety, security and Civil Rights. By reason thereof, Plaintiffs claim exemplary and punitive damages from Defendants in an amount according to proof at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF CIVIL CODE §§ 43, 51.7 AND 52.1(B)

### (AGAINST ALL DEFENDANTS)

62.   Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 61, set forth above, as though fully set forth herein.

63.   Defendants Merrick, Rodriguez and Crawford-Miller, while working as LASD Deputies for County, and acting within the course and scope of their official duties, interfered with or attempted to interfere with Decedent's rights guaranteed by the California Constitution and United States Constitution by threatening or committing acts involving threats, violence, coercion or intimidation.

64.   The use of force, detention and arrest by Defendants over Decedent, and the conduct of Defendants, was unconstitutional, without cause or justification, excessive and illegal, and violated Plaintiffs' civil rights under California Civil Code sections 43, 51, 51, 51.7 and 52.1(b), as well as Mr. Paredes' rights prior to his death.

65.   As a direct result of Defendants' actions, Plaintiffs have been deprived of the life-long comfort, support, society, care and companionship of Decedent, and will continue to be so deprived for the remainder of their natural lives.

66.   As a direct result of Defendants' actions, Plaintiffs have also incurred reasonable and necessary expenses for Decedent's funeral, burial and memorial services to their damage in an amount according to proof at the time of trial.

67.   Defendants' violation of Plaintiffs' rights as guaranteed by California Civil Code section 52.1 entitles Plaintiffs to reasonable attorney's fees and costs of suit pursuant to California Civil Code sections 52.1(h) and 52(b)(3).

17

**COMPLAINT FOR DAMAGES**

68.     In committing the acts set forth herein, Plaintiffs are informed and believe that Defendants acted with a willful and conscious disregard of Plaintiffs' rights as secured by California Civil Code section 52.1, thus entitling Plaintiffs to recover punitive damages pursuant to California Civil Code section 52(b)(1).

69.     The County is vicariously liable for the wrongful actions of Defendants pursuant to California Government Code section 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE

### (AGAINST ALL DEFENDANTS)

70.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 69, set forth above, as though fully set forth herein.

71.     On or about November 26, 2018, Plaintiff's Decedent, Rufino Paredes, suffered physical and emotional distress and was allowed to take his own life due to the inaction, malfeasance, and omissions by all Defendants. Defendants, and each of them, were negligent in complying with their duties and in the performance of their training and tactics by failing to properly investigate Decedents' mental and physical condition when alerted to circumstances that would warrant investigation.  Defendants further failed to immediately summon proper medical care for Decedent when they knew or should have known that he required medical treatment.  Instead, Defendants refrained from taking any remedial action, placed Decedent in custody, and failed to properly supervise, check, and ensure his safety and well-being. Defendants failed to comply with well-known and commonly trained Sheriff's tactics and duties and their conduct at all times mentioned herein was below the standard of care for reasonable LASD employees and personnel, and Defendants' negligence caused the injuries and damages alleged herein.

18

**COMPLAINT FOR DAMAGES**

72.     Defendants acted within the course and scope of their employment with Defendant County. Defendants County, McDonnell, and Villanueva breached their duty to assure the competence of Defendants, and failed to exercise ordinary care under the circumstances herein alleged to investigate Decedent's mental and medical condition, and to evaluate and assure the competence of all other defendants herein, and thereby ratified and condoned the wrongful conduct of each Defendant and breached their duty of selecting, training, reviewing and periodically evaluating the competency of these individually named deputies. This breach of duty of careful selection, training, review and periodic evaluation of the competency of such deputies created an unreasonable risk of harm to persons such as Plaintiffs.

73.     As a direct and legal result of Defendants' aforesaid negligence, carelessness, and unskillfulness, Plaintiffs were injured and have suffered the damages set forth herein.

74.     Defendant County is vicariously liable for the wrongful acts of all named Defendants and Doe Defendants 1-25, inclusive, pursuant to California Government Code section 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's acts would subject him or her to liability.  Plaintiffs base their claims against Defendant County on vicarious liability pursuant to California Government Code section 815.2.

75.     Defendants had a duty of care to protect and ensure the safety of Decedent and all under their custody, control and supervision.

## SEVENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

76.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 75, set forth above, as though fully set forth herein.

77.     Defendants Merrick, Rodriguez, and Crowder-Miller were aware of circumstances that should have led them to investigate Decedent's mental and physical condition and to provide medical treatment.  Instead, as set forth herein, Defendants did not investigate, did not reasonably

19

**COMPLAINT FOR DAMAGES**

inquire, did not seek our or obtain medical evaluation or treatment, did not place Decedent on a mental-health hold, and did not take any other steps to ensure Decedent received proper medical attention while in LASD's custody and under Defendants' control.

78.     Further, Defendants had a duty to affirmatively protect and provide safe housing to Decedent and provide for his well-being while in Defendants' custody and control. Defendants failed to supervise, monitor or secure Decedent while he was under Defendants' care.

79.     As a result of Defendants' lack of action and failure to properly secure Decedent's safety, Decedent took his own life while in Defendants' custody and control. As a result, Plaintiffs have suffered serious emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, depression and shock. Defendants' actions were a substantial factor in causing Plaintiffs' injuries.

80.     Defendant County is vicariously liable for the wrongful acts of all named Defendants and Doe Defendants 1-25, inclusive, pursuant to California Government Code section 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's acts would subject him or her to liability.  Plaintiffs base their claims against Defendant County on vicarious liability pursuant to California Government Code section 815.2.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 845.6

### (AGAINST COUNTY OF L.A. AND LASD, AND DOES 1-25)

81.     Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 80, set forth above, as though fully set forth herein.

82.     Defendants Merrick, Rodriguez, and Crowder-Miller were aware of circumstances that should have led them to investigate Decedent's mental and physical condition and to provide medical treatment.  Instead, as set forth herein, Defendants did not investigate, did not reasonably inquire, did not seek out or obtain medical evaluation or treatment, did not place Decedent on a

20

**COMPLAINT FOR DAMAGES**

mental-health hold, and did not take any other steps to ensure Decedent received proper medical attention while in LASD's custody and under Defendants' control.

83.     Further, Defendants had a duty to affirmatively protect and provide safe housing to Decedent and provide for his well-being while in Defendants' custody and control. Defendants failed to supervise, monitor or secure Decedent while he was under Defendants' care.

84.     As a result of Defendants' lack of action and failure to properly secure Decedent's safety, Decedent took his own life while in Defendants' custody and control. As a result, Plaintiffs have suffered serious emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, depression and shock. Defendants' actions were a substantial factor in causing Plaintiffs' injuries.

85.     Defendant County is vicariously liable for the wrongful acts of all named Defendants and Doe Defendants 1-25, inclusive, pursuant to California Government Code section 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's acts would subject him or her to liability.  Plaintiffs base their claims against Defendant County on vicarious liability pursuant to California Government Code section 815.2.

86.     The conduct alleged herein, along with Plaintiffs' injuries as alleged and subject to proof at the time of trial entitle them to damages pursuant to California Government Code § 845.6.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     For all general damages in an exact amount to be determined at trial, but in excess of this Court's jurisdictional limit;

2.     For all special and consequential damages in an exact amount to be determined at trial, but in excess of this Court's jurisdictional limit;

3.     For interest at the legal rate;

**COMPLAINT FOR DAMAGES**

4.   For costs of suit and attorney's fees as provided by law including, but not limited to, 42 U.S.C. §1988 and California Civil Code §52.1(h) and 52(b)(3);

5.   For an award of exemplary and punitive damages pursuant to 42 U.S.C. § 1983, California Code of Civil Procedure §337.34, California Civil Code §52(b)(1) against all individual defendants in an amount to be determined at trial;

6.   For pain and suffering;

7.   And other and further relief that the court deems just and proper.


Dated: January 15, 2020                    Respectfully Submitted,

                                           YACOUBIAN & POWELL LLP


                                           _____
                                           Stewart J. Powell
                                           Attorneys for Plaintiff
                                           ESTATE OF RUFINO PAREDES,
                                           TAURINA MARQUEZ, JASMINE OSORIO,
                                           D.P., a minor, D.P., a minor, K.P., a minor,
                                           H.P., a minor, and D.P., a minor.

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury in all claims and causes of action for which they are entitled to a jury by law.

Dated:  January 15, 2020

Respectfully Submitted,

YACOUBIAN & POWELL LLP

Stewart J. Powell
Attorneys for Plaintiff
ESTATE OF RUFINO PAREDES,
TAURINA MARQUEZ, JASMINE OSORIO,
D.P., a minor, D.P., a minor, K.P., a minor,
H.P., a minor, and D.P., a minor.

23

**COMPLAINT FOR DAMAGES**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/16/2020 02:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stewart J. Powell (State Bar No. 175226)<br>Yacoubian & Powell LLP<br>725 S. Figueroa St., Suite 1750<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 955-7145   FAX NO.: (213) 955-7146<br>ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District-Stanley Mosk Courthouse

CASE NAME:
The Estate of Rufino Paredes v. The County of Los Angeles, et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 20STCV02074 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*  8: Deliberate Indifference; Wrongful Death; Denial of Medical Care; Negl.
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 15, 2020
Stewart J. Powell, Esq.
(TYPE OR PRINT NAME)                                                        ► *[signature]*
                                                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, **you must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| The Estate of Rufino Paredes v. The County of Los Angeles | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 14-20 ☐ HOURS/☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☑ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: The Estate of Rufino Paredes v. The County of Los Angeles | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
|  | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
|  | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
|  | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
|  | ☐ A6032  Quiet Title | 2., 6. |
|  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin labels (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

| SHORT TITLE | CASE NUMBER |
|---|---|
| The Estate of Rufino Paredes v. The County of Los Angeles | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

CIV 109 03-04 (Rev. 03/06)

LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 3 of 4

| SHORT TITLE: The Estate of Rufino Paredes v. The County of Los Angeles | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 150 North Hudson Ave. |
|---|---|
| ☐1. ☑2. ☐3. ☑4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: City of Industry | STATE: CA | ZIP CODE: 91744 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk___ courthouse in the Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: January 15, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (Rev. 03/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/16/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Nancy Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV02074 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Laura A. Seigle | 27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/17/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Nancy Alvarez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, CENTRAL DISTRICT (EFFECTIVE APRIL 16, 2018) | ) CASE NO.:<br>)<br>) STANDING ORDER RE: PERSONAL<br>) INJURY PROCEDURES, CENTRAL<br>) DISTRICT<br>)<br>) |

**DEPARTMENT:     2     3     4     5     7**

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

2018-SJ-007-00

1   I.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil
2   Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:
3          "an unlimited civil case described on the Civil Case Cover Sheet Addendum and
4          Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property
5          Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-
6          Uninsured   Motorist;   Product   Liability   (other   than   asbestos   or
7          toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other
8          Professional Health Care Malpractice; Premises Liability; Intentional Bodily
9          Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property
10         Damage/Wrongful Death. An action for intentional infliction of emotional
11         distress, defamation, civil rights/discrimination, or malpractice (other than
12         medical malpractice), is not included in this definition. An action for injury to
13         real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)
14         Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if
15  plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:
16             A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
17             A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured
18             Motorist
19             A7260 Product Liability (not asbestos or toxic/environmental)
20             A7210 Medical Malpractice – Physicians & Surgeons
21             A7240 Medical Malpractice – Other Professional Health Care Malpractice
22             A7250 Premises Liability (e.g., slip and fall)
23             A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,
24             assault, vandalism etc.)
25             A7220 Other Personal Injury/Property Damage/Wrongful Death
26         The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere
27  in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).
28  ///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   The Court sets the above dates in this action in the PI Court circled above (Department
2   2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.
3   (C.R.C. Rules 3.714(b)(3), 3.729.)
4   **FILING OF DOCUMENTS**
5   2.   Parties may file documents in person at the filing window on the first floor of the Stanley
6   Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,
7   which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no
8   longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.
9   Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,
10  legally incompetent person, or person for whom a conservator has been appointed, requests to
11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-
12  410), may not be filed via e-Delivery.
13  **SERVICE OF SUMMONS AND COMPLAINT**
14  3.   Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
15  soon as possible but no later than three years from the date when the complaint is filed.
16  (C.C.P. § 583.210, subd. (a).)   On the OSC re Dismissal date noted above, the PI Court will
17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action
18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)
19  4.   The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate
20  service on defendant(s) of the summons and complaint within six months of filing the complaint.
21  5.   The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no
22  party appears for trial.
23  **STIPULATIONS TO CONTINUE TRIAL**
24  6.   Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.
25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing
26  good cause or articulating any reason or justification for the change.  To continue or advance a
27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing
28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Page 3 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1 required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2 LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3 schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to

4 continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5 date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6 court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.

7 (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8 following a court holiday. Parties may submit a maximum of two stipulations to continue trial,

9 for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10 a showing of good cause by noticed motion. This rule is retroactive so that any previously

11 granted stipulation to continue trial will count toward the maximum number of allowed

12 continuances.

13 **NO CASE MANAGEMENT CONFERENCES**

14 7.      The PI Courts do not conduct Case Management Conferences. The parties need not file

15 a Case Management Statement.

16 **LAW AND MOTION**

17 8.      Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule

18 3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts

19 attached as exhibits. (C.R.C. Rule 3.1116(c).)

20 **CHAMBERS COPIES REQUIRED**

21 9.      In addition to filing original motion papers at the filing window on the first floor of the

22 Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23 the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24 Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25 hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27 or more three-ring binders organizing the chambers copy behind tabs.

28 ///

Page 4 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.    Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at www.lacourt.org (link on homepage).    After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.    Parties _must_ participate in an IDC _before_ a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   IDC.

2       If parties do not stipulate to extend the deadlines, the moving party may file the motion
3   to avoid it being deemed untimely.   However, the IDC must take place before the motion is
4   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5   60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery
6   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
7   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8   that complies with the notice requirements of the Code of Civil Procedure.

9   14.       Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available
11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation
12  requestor must file in the appropriate department and serve an Informal Discovery Conference
13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16  least 10 court days prior to the IDC.

17  15.       Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.       Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23  ex parte." (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple *ex parte*
24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*
27  relief, the moving party should reserve the earliest available motion hearing date (even if it is
28  after the scheduled trial date) and should file a motion to continue trial. Parties should also check

2018-SJ-007-00

1  the Court Reservation System from time to time because earlier hearing dates may become
2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.   Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8  the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9  "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10  a personal injury case is "complicated" the PI Courts will consider, among other things, the
11  number of pretrial hearings or the complexity of issues presented.

12  18.   Parties opposing a motion to transfer have five court days to file (at the filing window
13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14  (using the same LACIV 238 Motion to Transfer form).

15  19.   The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17  PI Courts will make an independent determination whether to transfer the case or not.

18  **FINAL STATUS CONFERENCE**

19  20.   Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  21.   Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23  complaint. (C. C. P. § 631, subds. (b) and (c).)

24  **JURY TRIALS**

25  22.   The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28  Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1    SANCTIONS

2    23.    The Court has discretion to impose sanctions for any violation of this general order.

3    (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6    Dated: *April 16, 2018*

7                                    Debre K. Weintraub
                                     Supervising Judge of Civil Courts
8                                    Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
Superior Court of California
County of Los Angeles

2019-SJ-011-00

AUG 09 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
    Anoush Mchitarian

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS (DEPARTMENTS 2, 3, 4A, 4B AND 5 OF THE SPRING STREET COURTHOUSE) | SECOND AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective August 9, 2019) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS** April 16, 2018 **STANDING ORDER—RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

1.     **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

**2.   TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

### A.   TRIAL BRIEFS (OPTIONAL)

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B.   MOTIONS IN LIMINE

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion in limine shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.   JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

### D.   JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)).  The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony.  The parties/counsel shall identify all potential witness scheduling issues and special requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

### E.   LIST OF PROPOSED JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.   JURY INSTRUCTIONS
### (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material. The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G.   JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)). If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H.   JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### I.   PAGE AND LINE DESIGNATION FOR
### DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the

1   deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any

2   responses thereto, and 5) the Court's ruling.

3   **3.      EVIDENTIARY EXHIBITS**

4     The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5   the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6   organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7   witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8   description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9   have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10  parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11  binders will be required by the assigned trial judge when the trial commences.  In the absence of

12  either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13  by all parties/counsel at the FSC.

14  **4.      TRIAL BINDERS REQUIRED IN THE PI COURTS**

15    The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16  following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17  available), tabbed and organized into three-ring binders with a table of contents that includes the

18  following:

19    Tab A:  Trial Briefs (Optional)

20    Tab B:  Motions in Limine

21    Tab C:  Joint Statement to Be Read to the Jury

22    Tab D:  Joint Witness List

23    Tab E:  Joint List of Jury Instructions (identifying the agreed upon and contested

24        instructions)

25    Tab F:  Joint and Contested Jury Instructions

26    Tab G:  Joint and/or Contested Verdict Form(s)

27    Tab H:  Joint Exhibit List

28

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

Tab I:       Joint Chart of Page and Line Designation(s) for Deposition and
             Former Testimony

Tab J:       Copies of the Current Operative Pleadings (including the operative complaint,
             answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5.   FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: August 9, 2019

Samantha P. Jessner
Supervising Judge, Civil
Los Angeles Superior Court

SECOND AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective August 9, 2019)

CIV-010

Electronically Received 12/11/2020 05:10 PM

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stewart J. Powell (State Bar No. 175226)<br>Yacoubian & Powell LLP<br>725 South Figueroa Street, Suite 1750<br>Los Angeles, CA 90017 | |

TELEPHONE NO.: (213) 955-7145   FAX NO. (Optional): (213) 955-7146
E-MAIL ADDRESS (Optional): Stewart@yplawfirm.net
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

**FILED**
Superior Court of California
County of Los Angeles
**12/24/2020**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ R. Ramirez _____ Deputy

PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al.

DEFENDANT/RESPONDENT: The County of Los Angeles, et.al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>20STCV02074 |
|---|---|

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Jasmine Osorio                                    is
   a. ☑ the parent of *(name):* Daniel Rufino Paredes
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☑ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Jasmine Osorio, 10130 El Poche St, South El Monte, CA, 91733; (323) 907-4213

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Daniel Rufino Paredes, 10130 El Poche St, South El Monte, CA, 91733; (323) 907-4213

4. The person to be represented is
   a. ☑ a minor *(date of birth):* 12/31/2015
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Daniel Rufino Paredes is a child to Decedent, Rufino Paredes, and brings a suit for Deliberate Indifference and Denial of Medical Care; Conditions of Confinement-Substantive Due Process; Right of Familial Association; Wrongful Death; Violation of Civil Code §§ 43, 51.7 AND 52.1(B); Negligence; Negligent Infliction of Imotional Distress; and Denial of Medical Care.
   ☐ Continued on Attachment 5a.

CIV-010

| PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The County of Los Angeles, et.al. | 20STCV02074 |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☐ the appointment of a guardian ad litem is necessary for the following reasons (specify):

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☑ related (state relationship): Mother
b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Stewart J. Powell

(TYPE OR PRINT NAME)                                    (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 14, 2020

Jasmine Osorio

(TYPE OR PRINT NAME)                                    (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: April 14, 2020

Jasmine Osorio

(TYPE OR PRINT NAME)                                    (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

X

**ORDER   ☑ EX PARTE**

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Jasmine Osorio
is hereby appointed as the guardian ad litem for (name): Daniel Rufino Paredes
for the reasons set forth in item 5 of the application.

Date: 12/24/2020

                                                        JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

C. Edward Simpson / Judge

CIV-010 [Rev. January 1, 2008]          **APPLICATION AND ORDER FOR APPOINTMENT**          Page 2 of 2
                                         **OF GUARDIAN AD LITEM—CIVIL**

CIV-010

| | |
|---|---|
| ATTORNEY (Name, State Bar number, and address):<br>Stewart J. Powell (State Bar No. 175226)<br>Yacoubian & Powell LLP<br>725 South Figueroa Street, Suite 1750<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 955-7145   FAX NO. (Optional): (213) 955-7146<br>E-MAIL ADDRESS (Optional): Stewart@yplawfirm.net<br>ATTORNEY FOR (Name): Plaintiffs | FOR COURT USE ONLY<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>01/05/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Valenzuela _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al.

DEFENDANT/RESPONDENT: The County of Los Angeles, et.al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>20STCV02074 |
|---|---|

**NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.**

1. Applicant (name): Jasmine Osorio                                          is
   a. ☑ the parent of (name): Devanie Lyla Paredes
   b. ☐ the guardian of (name):
   c. ☐ the conservator of (name):
   d. ☐ a party to the suit.
   e. ☑ the minor to be represented (if the minor is 14 years of age or older).
   f. ☐ another interested person (specify capacity):

2. This application seeks the appointment of the following person as guardian ad litem (state name, address, and telephone number):
   Jasmine Osorio, 10130 El Poche St, South El Monte, CA, 91733; (323) 907-4213

3. The guardian ad litem is to represent the interests of the following person (state name, address, and telephone number):
   Devanie Lyla Paredes, 10130 El Poche St, South El Monte, CA, 91733; (323) 907-4213

4. The person to be represented is:
   a. ☑ a minor (date of birth): 06/25/2013
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought (describe):
      Devanie Lyla Paredes is a child to Decedent, Rufino Paredes, and brings a suit for Deliberate Indifference and Denial of Medical Care; Conditions of Confinement-Substantive Due Process; Right of Familial Association; Wrongful Death; Violation of Civil Code §§ 43, 51.7 AND 52.1(B); Negligence; Negligent Infliction of Imotional Distress; and Denial of Medical Care.
   ☐ Continued on Attachment 5a.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | **APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL** | Code of Civil Procedure,<br>§ 372 et seq |

Electronically Received 12/11/2020 05:08 PM

CIV-010

| PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The County of Los Angeles, et.al. | 20STCV02074 |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☐ the appointment of a guardian ad litem is necessary for the following reasons (specify):

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☑ related (state relationship). Mother
   b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   ☐ Continued on Attachment 7.

Stewart J. Powell
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 14, 2020

Jasmine Osorio
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: April 14, 2020

Jasmine Osorio
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Jasmine Osorio
is hereby appointed as the guardian ad litem for (name): Devanic Lyla Paredes
for the reasons set forth in item 5 of the application.

Date: 01/05/2021

_____
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

CIV-010

Electronically Received 12/11/2020 05:04 PM

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stewart J. Powell (State Bar No. 175226)<br>Yacoubian & Powell LLP<br>725 South Figueroa Street, Suite 1750<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 955-7145   FAX NO. (Optional): (213) 955-7146<br>E-MAIL ADDRESS (Optional): Stewart@yplawfirm.net<br>ATTORNEY FOR (Name): Plaintiffs | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/24/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By:        R. Ramirez        Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: 111 North Hill Street | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Stanley Mosk Courthouse, Central District | |

PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al.

DEFENDANT/RESPONDENT: The County of Los Angeles, et.al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>20STCV02074 |
|---|---|

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Azenet Avina                                                    is
   a. ☑ the parent of *(name):* Dominick Joshua Paredes
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☑ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Azenet Avina, 2822 Musgrove Avenue, El Monte, CA, 91732; (626) 450-5114

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Dominick Joshua Paredes, 2822 Musgrove Avenue, El Monte, CA, 91732; (626) 450-5114

4. The person to be represented is:
   a. ☑ a minor *(date of birth):* 12/25/2017
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Dominick Joshua Paredes is a child to Decedent, Rufino Paredes, and brings a suit for Deliberate Indifference and Denial of Medical Care; Conditions of Confinement-Substantive Due Process; Right of Familial Association; Wrongful Death; Violation of Civil Code §§ 43, 51.7 AND 52.1(B); Negligence; Negligent Infliction of Imotional Distress; and Denial of Medical Care.
      ☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,<br>§ 372 et seq.

CIV-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: The County of Los Angeles, et.al. | 20STCV02074 |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

  c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

  d. ☐ the appointment of a guardian ad litem is necessary for the following reasons (specify):

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
  a. ☑ related (state relationship): Mother
  b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7

Stewart J. Powell

    (TYPE OR PRINT NAME)

► _Stuy Jun_     (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 14, 2020

Azenet Avina

    (TYPE OR PRINT NAME)

► _Aznt Av_     (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: April 14, 2020

Azenet Avina

    (TYPE OR PRINT NAME)

► _Aznt Av_     (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Azenet Avina

is hereby appointed as the guardian ad litem for (name): Dominick Joshua Paredes

for the reasons set forth in item 5 of the application.

Date: 12/24/2020

☐ SIGNATURE FOLLOWS LAST ATTACHMENT    Edward Simpson / Judge

    JUDICIAL OFFICER

CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT**
**OF GUARDIAN AD LITEM—CIVIL**

Page 2 of 2

CIV-010

| ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Stewart J. Powell (State Bar No. 175226)
Yacoubian & Powell LLP
725 South Figueroa Street, Suite 1750
Los Angeles, CA 90017
TELEPHONE NO.: (213) 955-7145   FAX NO. *(Optional):* (213) 955-7146
E-MAIL ADDRESS *(Optional):* Stewart@yplawfirm.net
ATTORNEY FOR *(Name):* Plaintiffs

**FILED**
Superior Court of California
County of Los Angeles

01/05/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Valenzuela _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al.

DEFENDANT/RESPONDENT: The County of Los Angeles, et.al.

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL ☐ EX PARTE | CASE NUMBER: 20STCV02074 |
|---|---|

**NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.**

1. Applicant *(name):* Jennifer Nunez                                         is
   a. ☑ the parent of *(name):* Katelyn Leanne Paredes
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☑ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Jennifer Nunez, 2640 Parkway Drive, El Monte, CA, 91732; (626) 230-2452

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Katelyn Leanne Paredes, 2640 Parkway Drive, El Monte, CA, 91732; (626) 230-2452

4. The person to be represented is:
   a. ☑ a minor *(date of birth):* 11/12/2008
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
   Katelyn Leanne Paredes is a child to Decedent, Rufino Paredes, and brings a suit for Deliberate Indifference and Denial of Medical Care; Conditions of Confinement-Substantive Due Process; Right of Familial Association; Wrongful Death; Violation of Civil Code §§ 43, 51.7 AND 52.1(B); Negligence; Negligent Infliction of Imotional Distress; and Denial of Medical Care.
   ☐ Continued on Attachment 5a.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CIV-010 [Rev. January 1, 2008] | APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL | Code of Civil Procedure, § 372 et seq. |
|---|---|---|

Electronically Received 12/11/2020 05:00 PM

CIV-010

| PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The County of Los Angeles, et.al. | 20STCV02074 |

5.  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☐ the appointment of a guardian ad litem is necessary for the following reasons *(specify)*:

   ☐ Continued on Attachment 5d.

6.  The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☑ related *(state relationship)*:  Mother
   b. ☐ not related *(specify capacity)*:

7.  The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed)*:

   ☐ Continued on Attachment 7.

Stewart J. Powell
_____          ▶   _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:  April 14, 2020

Jennifer Nunez
_____          ▶   _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:  April 14, 2020

Jennifer Nunez
_____          ▶   _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

                                    X

### ORDER   ☑ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)*: Jennifer Nunez
is hereby appointed as the guardian ad litem for *(name)*: Katelyn Leanne Paredes
for the reasons set forth in item 5 of the application.

Date:
01/05/2021
                                             _____
                                                      JUDICIAL OFFICER
                                             ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]          **APPLICATION AND ORDER FOR APPOINTMENT**          Page 2 of 2
                                          **OF GUARDIAN AD LITEM—CIVIL**

CIV-010

Electronically Received 12/11/2020 04:58 PM

| ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stewart J. Powell (State Bar No. 175226)<br>Yacoubian & Powell LLP<br>725 South Figueroa Street, Suite 1750<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 955-7145   FAX NO. (Optional): (213) 955-7146<br>E-MAIL ADDRESS (Optional): Stewart@yplawfirm.net<br>ATTORNEY FOR (Name): Plaintiffs | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/24/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Ramirez _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al.

DEFENDANT/RESPONDENT: The County of Los Angeles, et.al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>20STCV02074 |
|---|---|

**NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.**

1. Applicant *(name):* Jennifer Nunez                                   is
   a. ☑ the parent of *(name):* Hailey Lauren Paredes
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☑ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Jennifer Nunez, 2640 Parkway Drive, El Monte, CA, 91732; (626) 230-2452

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Hailey Lauren Paredes, 2640 Parkway Drive, El Monte, CA, 91732; (626) 230-2452

4. The person to be represented is:
   a. ☑ a minor *(date of birth):* 6/17/2011
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Hailey Lauren Paredes is a child to Decedent, Rufino Paredes, and brings a suit for Deliberate Indifference and Denial of Medical Care; Conditions of Confinement-Substantive Due Process; Right of Familial Association; Wrongful Death; Violation of Civil Code §§ 43, 51.7 AND 52.1(B); Negligence; Negligent Infliction of Imotional Distress; and Denial of Medical Care.
   ☐ Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Code of Civil Procedure,
§ 372 et seq

CIV-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: The Estate Of Rufino Paredes, et.al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: The County of Los Angeles, et.al. | 20STCV02074 |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☐ the appointment of a guardian ad litem is necessary for the following reasons (specify):

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☑ related (state relationship): Mother
b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Stewart J. Powell
(TYPE OR PRINT NAME)                                    ▶ _____ (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: April 14, 2020

Jennifer Nunez
(TYPE OR PRINT NAME)                                    ▶ _____ (SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date: April 14, 2020

Jennifer Nunez
(TYPE OR PRINT NAME)                                    ▶ _____ (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

## ORDER   ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Jennifer Nunez
is hereby appointed as the guardian ad litem for (name): Hailey Lauren Paredes
for the reasons set forth in item 5 of the application.
Date: 12/24/2020

☐ SIGNATURE FOLLOWS LAST ATTACHMENT                    JUDICIAL OFFICER

C. Edward Simpson / Judge

CIV-010 [Rev. January 1, 2008]        **APPLICATION AND ORDER FOR APPOINTMENT**        Page 2 of 2
**OF GUARDIAN AD LITEM—CIVIL**



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

#### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

#### Advantages of ADR
- Saves Time: ADR is faster than going to trial.
- Saves Money: Parties can save on court costs, attorney's fees and witness fees.
- Keeps Control with the parties: Parties choose their ADR process and provider for voluntary ADR.
- Reduces stress/protects privacy: ADR is done outside the courtroom, in private offices, by phone or online.

#### Disadvantages of ADR
- Costs: If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- No Public Trial: ADR does not provide a public trial or a decision by a judge or jury.

#### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a.** **The Civil Mediation Vendor Resource List**
Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

**b.** **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

**c.** Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm